RECEIVED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FEB 20 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

YAODI HU ) 

                    )

        Plaintiffs )

                    )

vs                  )    Jury demand

                    )

Pearl River Piano USA, )    damage claim: $500,000

Al Rich and Bob Saari, )

                    )

        Defendants )

08CV1032

MAGISTRATE JUDGE COX

JUDGE HOLDERMAN

# Complaint

1. Now comes Yaodi Hu doing business as Illiana Piano, pro se filing his Sherman Complaint and other supplemental claim.

## Parties:

2. Yaodi Hu is a natural person residing at City of Chicago Illinois doing business as Illiana Piano.

3. Pearl River Piano is the largest piano factory in the world located in Canton Province of People's Republic of China. Upon information and belief, it is a government owned entity. Pearl River USA is a direct subsidiary of Pearl River Piano. Pearl River USA is also the exclusive entity distributing all Pearl River pianos in U.S. Pearl River USA is based in California.

4. Al Rich was the sales manager when Illiana Piano was granted dealership contract with Pearl River USA around 2000. Al Rich became CEO of Pearl River USA later on.

5. Bob Saari is the sale manager and the direct contact person when Illiana Piano was granted dealership contract.

1

## Jurisdiction

6.  Sherman Act 15 U.S.C. § 4.

7.  Equal Rights under the Law 42 U.S.C. § 1981

8.  Supplemental Jurisdiction 28 U.S.C. § 1367

9.  Diversity of Citizenship 28 U.S.C. § 1332

10. 28 U.S.C. § 2201

11. 28 U.S.C. § 2202

## Venue

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a)(2) "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

## Statement of the Facts

14. Around year 2000, Yaodi Hu doing business as Illiana Piano contacted Pearl River Headquarter in China expressed his desire of selling Pearl River Piano.

15. Hu was referred to Pearl River USA. Bob Saari as sales person visited Hu's place in Danville Illinois. Hu bought several pianos as his first order.

16. During the initial negotiation of the contract with Pearl River Piano, AJ Rich as sales manager was intimately involved.

17. At the very initial stage of negotiating a dealership contract, Hu had the uphill battle. Hu did not fit into a typical piano dealer prototype: a white male. Throughout the U.S. typical successful piano dealers were white male and that has not changed. Upon information and belief, most piano dealers in Chicago and area are white male.

18. Hu was given discriminatory terms in his contract terms, Hu had to pre-pay all his orders of piano. Hu also was not given the discounts otherwise would have been given to other dealers.

19. Hu managed to stay in business for the next several years.

2

20. Relying upon the verbal and written promise that Hu is the sole dealer for the
    Chinese in the Chicago land area, Hu advertised in several Chinese newspapers for
    several years. Hu's sales volume was quite good as a starter in piano business for
    first several years.

21. Bob Saari and Al Rich both promised to Hu directly verbally that Hu will be the
    only dealer for the Chinese community in Chicago land area.

22. In and around year 2004, Hu's dealership relationship was terminated. Pearl
    River USA awarded exclusive dealership to an individual Angelo for the entire
    area of Northern Illinois. Angelo was financed by Pearl River with free credit.

23. Hu had several conversations with Angelo and visited his store. The purpose of
    awarding exclusive dealership to Angelo is to eliminate competition and
    manipulate price by Pear River USA.

## Count I  Claim under 42 U.S.C. § 1981

24. Hu is ethnic Chinese and does not fit into a typical successful piano dealer
    prototype: while male.

25. Hu contacted Pearl River in China and other Chinese employee in Pearl River
    USA, the answer was that Al Rich and Bob Saari were Americans hired to take
    care of American market and Hu's grievances were unaddressed after Hu brought
    them up repeatedly including the recent NAMM show in Anaheim California.

26. Hu was not offered additional discount which he would otherwise been offered had
    he been a white male. Hu was not offered any credit and Hu had to pay through
    wiring of fund in advance most of the times.

27. Race is a motivating factor in terminating dealership relationship with Hu because
    Hu did not fit a typical successful piano deal prototype: a while male.

## Count II.  Claim under Sherman Act 15 U.S.C.§ 1

28. 15 U.S.C. § 1 states the following: "Every contract, combination in the
    form of trust or otherwise, or conspiracy, in restraint of trade or
    commerce among the several States, or with foreign nations, is

3

declared to be illegal."

29. "The Supreme Court has held that the limitations period does not begin to run until the damages are inflicted and ascertainable." *Harold Friedman Inc. v. Thorofare markets Inc.*, 587 F.2d 127, 137 (C.A.3 (Pa), 1978), *Zenith radio Corp. v. Hazeltine research, Inc.*, 401 U.S. 321, 338-339, 91 S. Ct. 795, 28 L.E.2d 77 (1971)

30. While vertical price arrangement is no longer per se violative of Sherman Act, see *Leegin Creative Leathr Products, Inc. v. PSKS, Inc.* 551 U.S. ___ (2007), Pearl River's arrangement of exclusive dealership with Angelo was aimed at manipulating the price and violative of Sherman Act.

31. When exclusive dealership were awarded to Angelo, Hu was not informed.   Even if Pearl River USA had legitimate reason awarding exclusive dealership to Angelo, it nonetheless was unreasonable under the Rule of Reason, eliminating Hu as a local piano competitor.   Hu at the time carried only Pearl River brand. "On the other hand, the granting of a right of exclusivity seems less tenable under the antitrust laws when one of its purposes and obvious effects is to eliminate a present competitor than when it merely precludes potential future entry into the market." *Harold Friedman Inc. v. Thorofare markets Inc.*, 587 F.2d 127, 143 (C.A.3 (Pa), 1978).  See also *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189 (C.A. 4 (N.C.), 1977) (authorized dealer being terminated and the Fourth Circuit held that preliminary injunctive relief should have been granted to the dealer)

32. Through conversation with Angelo, Hu learned that the purpose of awarding exclusive dealership to him was to eliminate price competition among the dealers. That was a per se violative of Sherman Act.

33. "A violation may still be found in such circumstances because in a civil action under the Sherman Act, liability may be established by proof of either an unlawful purpose or an anticompetitive effect." *Lain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 243 (1980).

## Count III.  Breach of Oral Contract

4

34. Over the years, both Bob Saari and Al Rich assured Hu directly and indirectly that Hu was going to be their dealer exclusively in the Chinese community.

35. On the contrary, Bob Saari took advantage of their position as vendor, misappropriated Hu's trade secrets and pass it on to his competitor.

36. Bob had first terminated Hu's dealership, then advice his competitor, the purported exclusive dealer Angelo in the Chicago land area to advertise in Chinese new paper where Hu advertised. Trying to reap the benefit from Hu's multi-year effort of advertising in Chinese community. Bob's effort was trying to direct all Hu's customers to his competitor Angelo

37. Pearl River USA, Bob Saari acted in bad faith and breached the covenant of fair dealing in our contractual relationship.

38. By terminating the dealership relationship with Hu, Pearl River USA breached its promise to Hu over the years.

39. When Hu started out his dealership, Pearl River was still not an established brand and not many dealers were willing to sell that brand. Pearl River USA took advantage Hu's willingness to advertise consistently in Chinese newspaper for several years building up its brand recognition in Chinese community. When Pearl River become a name brand in U.S.A. in and around 2004, Pearl River decided to reap all the benefit to itself by terminating dealership with Hu and award exclusive dealership to Angelo.

40. Not too long before that termination, Bob Saari was encouraging Hu to purchase another retail location for his piano business and Hu purchased 3352 W. 147th Midlothian IL 60445.

41. After the termination, plaintiff had to buy other brand of piano to fill his inventory. Hu purchased two containers of piano from other Chinese manufacturers.

42. Hu's multi-year effort of promoting Pearl River brand was too successful to turn to another brand as substitute and Hu suffered loss of profit for several years. Hu was not successful in selling other brand of pianos. Hu's suffering of damages from Pearl Rivers USA's termination of dealership agreement were not clear until his effort of selling other brands of piano failed.

5

## Relief Sought by Plaintiff

43. Plaintiff Hu is seeking treble compensatory damages totaling $500,000. Hu is also
    seeking punitive damages in the amount of $5,000,000.

44. Hu is seeking declaratory and injunctive relieves.

Yaodi Hu  219 W. Cermak Chicago IL 60616    (773) 216 3173

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1032 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | Magistrate Judge Cox |
| PEARL RIVER PIANO, USA, | ) | |
| AL RICH and BOB SAARI, | ) | **Defendant Demands Trial by Jury** |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now Comes the Defendant PEARL RIVER PIANO GROUP AMERICA, LTD.,

incorrectly sued as PEARL RIVER PIANO, USA (hereinafter referred to as "PEARL RIVER"),

by and through its attorneys, KELLY & KING, P.C., and for its Answer and Affirmative

Defenses to the Plaintiff's Complaint states as follows:

1.     Defendant PEARL RIVER lacks sufficient knowledge or information to admit or

deny whether YAODI HU is doing business as Illiana Piano and, therefore, denies said

allegation.  Defendant PEARL RIVER admits that Plaintiff has filed a Complaint.  Defendant

denies each and every remaining allegation in paragraph 1 of Plaintiff's Complaint.

### "Parties"

2.     Defendant PEARL RIVER lacks sufficient knowledge or information to admit or

deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies said

allegations.

3.     Defendant PEARL RIVER admits that its parent company has a factory in China

that manufactures by volume the largest amount of pianos in the world.  Defendant PEARL

RIVER further admits that it has corporate offices in California and that it distributes PEARL RIVER pianos in the United States. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant PEARL RIVER denies that Illiana Piano was granted a dealership contract with PEARL RIVER around 2000. Defendant PEARL RIVER admits that Bob Saari worked as an independent sales contractor and that Al Rich was a CEO of PEARL RIVER at a time after 2000.

5.      Defendant PEARL RIVER admits that Bob Saari was an independent sales contractor. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

## "Jurisdiction"

6.      Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 6 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

7.      Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 7 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

8.      Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 8 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

9.      Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 9 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

10.    Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 10 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

11.    Defendant PEARL RIVER admits to the existence of the statutory section cited in Paragraph 11 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

**"Venue"**

12.    Defendant PEARL RIVER admits that venue is proper but denies each and every remaining allegation contained in Paragraph 12 of Plaintiff's Complaint.

13.    Defendant PEARL RIVER admits that venue is proper but denies each and every remaining allegation contained in Paragraph 13 of Plaintiff's Complaint.

**"Statement of the Facts"**

14.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies said allegations.

15.    Defendant PEARL RIVER admits that Bob Saari visited a location in Danville, Illinois in 2002 and that Plaintiff bought several pianos in 2002 as his first order.  Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant PEARL RIVER admits that Al Rich had involvement with respect to Plaintiff's purchases of pianos at a certain point in time but denies each and every remaining allegation contained in Paragraph 16 of Plaintiff's Complaint.

3

17.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny whether most piano dealers in the Chicagoland area and the United States are white males and, therefore, denies said allegations. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant PEARL RIVER admits that Plaintiff paid cash in advance or C.O.D. for his orders of pianos in 2002 and 2003. Defendant denies each and every other remaining allegation contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant PEARL RIVER admits that Plaintiff bought PEARL RIVER pianos in 2002 and 2003. Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies said allegations.

20.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies said allegations.

21.    Defendant PEARL RIVER admits that in October of 2002, Bob Saari indicated inter alia to Plaintiff that his territory would include the Chinese community in the Chicagoland area subject to Plaintiff complying with certain purchasing and other conditions. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint as to whether Plaintiff

4

had several conversations with Angelo and visited Angelo's store and, therefore, denies said allegations. PEARL RIVER denies each and every remaining allegation contained in Paragraph 23 of Plaintiff's Complaint.

## "Count I - Claim Under 42 U.S.C. § 1981"

24.     Defendant PEARL RIVER admits based on information and belief that Plaintiff is an "Ethnic Chinese" man. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint as to whether Plaintiff had conversations with a Chinese employee in PEARL RIVER and as to any answer Plaintiff received and, therefore, denies said allegations. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 25 of the Plaintiff's Complaint.

26.     Defendant PEARL RIVER admits that Plaintiff paid cash in advance or C.O.D. for his orders of pianos in 2002 and 2003. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant PEARL RIVER denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

## "Count II - Claim Under Sherman Act 15 U.S.C. 1"

28.     Defendant PEARL RIVER admits to the existence of 15 U.S.C. § 1 but states that said Act speaks for itself as to its terms and effective dates. Defendant denies that said Act provides any support for Plaintiff's claim under Count II.

5

29.    Defendant PEARL RIVER admits to the existence of the cases cited in Paragraph 29 but states that said cases speak for themselves as to their findings and legal conclusions. Defendant denies that said cases provide any support for Plaintiff's claim under Count II.

30.    Defendant PEARL RIVER admits to the existence of the case cited in Paragraph 30 but states that said case speaks for itself as to its findings and legal conclusions. Defendant denies that said case provides any support for Plaintiff's claim under Count II. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 30 of Plaintiff's Complaint.

31.    Defendant PEARL RIVER admits to the existence of the cases cited in Paragraph 31 but states that said cases speaks for themselves as to their findings and legal conclusions. Defendant denies that said cases provide any support for Plaintiff's claim under Count II. Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny whether HU carried only a PEARL RIVER brand of pianos or whether HU was informed of other dealership arrangements and, therefore, denies said allegations. Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny whether Plaintiff had a conversation with "Angelo" and, therefore, denies said allegation. Defendant denies each and every remaining allegation contained in Paragraph 32 of Plaintiff's Complaint.

33.    Defendant PEARL RIVER admits to the existence of the case cited in Paragraph 33 but states that the case speaks for itself as to its findings and legal conclusions. Defendant PEARL RIVER denies that said case provides any support for Plaintiff's claim under Count II.

6

**"Count III - Breach of Oral Contract"**

34.    Defendant PEARL RIVER admits that in October of 2002, Bob Saari indicated inter alia to Plaintiff that his territory would include the Chinese community in the Chicagoland area subject to Plaintiff complying with certain purchasing and other conditions.  Defendant PEARL RIVER denies each and every remaining allegation contained in Paragraph 34 of Plaintiff's Complaint.

35.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint.

36.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 36 of Plaintiff's Complaint.

37.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint.

39.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint.

40.    Defendant PEARL RIVER denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

41.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, denies said allegations.

42.    Defendant PEARL RIVER lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint as to his lack of success

in selling other brands of piano and therefore denies said allegations. Defendant PEARL RIVER

denies each and every remaining allegation contained in Paragraph 42 of the Plaintiff's

Complaint.

**"Relief Sought by Plaintiff"**

43.    Defendant PEARL RIVER denies that Plaintiff is entitled to the relief sought in

Paragraph 43 of the Complaint or any other form of relief.

44.    Defendant PEARL RIVER denies that Plaintiff is entitled to the relief sought in

Paragraph 44 of the Complaint or any other relief.

Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly

sued as PEARL RIVER PIANO, USA requests Judgment in its favor and against the Plaintiff as

to all counts. Defendant further requests attorneys fees pursuant to 42 U.S.C. 1988 and for

whatever additional relief this Court deems just.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Complaint, Defendant PEARL RIVER states as

follows:

**I.    AFFIRMATIVE DEFENSE NUMBER ONE - STATUTE OF LIMITATIONS
(COUNT I)**

1.    Count I is barred by the applicable Statute of Limitations for alleged violations of

42 U.S.C. 1981.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD.,

incorrectly sued as PEARL RIVER PIANO, USA requests that Count I be dismissed with

prejudice.

8

## II.    AFFIRMATIVE DEFENSE NUMBER TWO - STATUTE OF LIMITATIONS (COUNT II)

1.    Count II is barred by the applicable Statute of Limitations for alleged violations of the Sherman Act.  (15 U.S.C. § 1 and 15 b)

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Count II be dismissed with prejudice.

## III.    AFFIRMATIVE DEFENSE NUMBER THREE - LACK OF SUBJECT MATTER JURISDICTION (COUNTS I, II, AND III)

1.    No federal question is involved with the allegations contained in Counts I, II, and III and the Court thus lacks subject matter jurisdiction for the instant case.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Plaintiff's Complaint be dismissed with prejudice.

## IV.    AFFIRMATIVE DEFENSE NUMBER FOUR - STATUTE OF FRAUDS (COUNT III)

1.    Count III of Plaintiff's Complaint is barred by the Illinois Statute of Frauds (740 ILCS 80/1) which requires that a contract be in writing unless it is capable of being performed within one year.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Count III be dismissed with prejudice.

## V.    AFFIRMATIVE DEFENSE NUMBER FIVE - FAILURE OF PLAINTIFF HU TO PERFORM UNDER THE ALLEGED CONTRACT (COUNTS I, II, AND III)

1.    Plaintiff failed to perform his obligations under the alleged oral contract, including failing to purchase the amount of pianos he represented that he would buy in a year.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Count I, II, and III be dismissed with prejudice.

## VI.    AFFIRMATIVE DEFENSE NUMBER SIX - ALLEGED CONTRACT TERMINABLE AT WILL (COUNT III)

1.    The alleged oral contract between Plaintiff Hu and PEARL RIVER was terminable at will and any alleged termination of Plaintiff or cessation of business with Plaintiff was proper.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Count III be dismissed with prejudice.

## VII.    AFFIRMATIVE DEFENSE NUMBER SEVEN - FAILURE TO STATE A CAUSE OF ACTION (COUNTS I, II, AND III)

1.    Plaintiff's Complaint should be dismissed with prejudice in its entirety as each count fails to contain facts and allegations sufficient to state a cause of action.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Plaintiff's Complaint be dismissed with prejudice.

10

VIII. **AFFIRMATIVE DEFENSE NUMBER EIGHT - FAILURE TO STATE A CAUSE OF ACTION FOR PUNITIVE DAMAGES (COUNTS I, II, AND III)**

1.    Plaintiff's Complaint fails to contain facts and/or allegations sufficient to state a cause of action for punitive damages under any count.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that Plaintiff's request for punitive damages be dismissed with prejudice.


IX. **AFFIRMATIVE DEFENSE NUMBER NINE - FRIVOLOUS, UNREASONABLE, AND GROUNDLESS ACTION FILED PURSUANT TO 42 U.S.C. 1981**

1.    The Plaintiff's claim pursuant to 42 U.S.C. 1981 in Count I is frivolous, unreasonable, groundless and/or brought in subjective bad faith.

2.    Wherefore, Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA requests that it be awarded attorneys fees as a prevailing party in the instant case pursuant to 42 U.S.C. 1988.


Respectfully submitted,


By: s/David L. King
    One of the attorneys for Defendant
    PEARL RIVER PIANO GROUP


David L. King, ARDC No. 3128899
Paul E. Kelly, ARDC No. 1437356
M. Kellett McConville, ARDC No. 6290167
20 North Clark Street, Suite 2900
Chicago, Illinois 60602
312-553-5290
(Fax) 312-553-5291

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YAODI HU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 1032 |
| | ) | |
| PEARL RIVER PIANO, USA, | ) | Judge Holderman |
| AL RICH and BOB SAARI, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

## PROOF OF SERVICE

I, David L. King, attorney for Defendant PEARL RIVER PIANO GROUP AMERICA, LTD., incorrectly sued as PEARL RIVER PIANO, USA served a copy of the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** to:

Yaodi Hu
219 W. Cermak
Chicago, IL 60616

electronically on May 27, 2008 at or before 5:00 p.m.


s/ David L. King
One of the Attorneys for Defendant
PEARL RIVER PIANO GROUP AMERICA, LTD.


David L. King, ARDC No. 3128899
Paul E. Kelly, ARDC No. 1437356
M. Kellett McConville, ARDC No. 6290167
KELLY & KING, P.C.
20 North Clark Street, Suite 2900
Chicago, Illinois 60602
312-553-5290
(Fax) 312-553-5291

12

## David L. King

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Wednesday, July 16, 2008 3:48 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:08-cv-01032 Hu v. Pearl River Piano USA et al Expedited referral to magistrate judge |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

### Notice of Electronic Filing

The following transaction was entered on 7/16/2008 at 4:47 PM CDT and filed on 7/15/2008
**Case Name:**      Hu v. Pearl River Piano USA et al
**Case Number:**    1:08-cv-1032
**Filer:**
**Document Number:** 21

**Docket Text:**
**Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Honorable Susan E. Cox for the purpose of holding proceedings related to: discovery disputes and settlement conference. (am) Mailed notice.**


**1:08-cv-1032 Notice has been electronically mailed to:**

Paul E. Kelly     pek@kellykinglaw.com

David Laurence King     dlk@kellykinglaw.com,pek@kellykinglaw.com

Michael Kellett McConville     mkm@kellykinglaw.com

Yaodi Hu     yaodi_hu@sbcglobal.net

**1:08-cv-1032 Notice has been delivered by other means to:**


7/17/2008

## David L. King

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov
**Sent:** Wednesday, July 16, 2008 3:46 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:08-cv-01032 Hu v. Pearl River Piano USA et al terminate hearings

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1

### Notice of Electronic Filing

The following transaction was entered on 7/16/2008 at 4:44 PM CDT and filed on 7/15/2008
**Case Name:**       Hu v. Pearl River Piano USA et al
**Case Number:**    1:08-cv-1032
**Filer:**
**Document Number:** 20

**Docket Text:**
**MINUTE entry before the Honorable James F. Holderman: Status hearing held on 7/15/2008. Plaintiff is given to and including 2/1/2009 to amend all pleadings, and to 10/31/2008 to add any additional parties. Defendant is given to and including 3/1/2009 to amend all pleadings, and to 3/1/2009 to add any additional parties. Plaintiff shall comply with FRCP(26)(a)(2) by 2/1/2009. Defendant shall comply with FRCP(26)(a)(2) by 3/1/2009. All Discovery ordered closed by 4/1/2009. Parties are to meet with Magistrate Judge Cox shortly after 4/1/2009 for settlement conference. This case will be referred to Magistrate Judge Cox for settlement conference and discovery disputes. Dispositive motions with supporting memoranda due by 5/1/2009; responses due by 5/22/2009. Replies due by 6/5/2009. Final Pretrial Order due by 9/9/2009. Motions in limine with supporting memoranda due by 9/9/2009; responses due by 9/16/2009. Final Pretrial Conference set for 9/22/2009 at 4:00 PM. Jury Trial set for 9/28/2009 at 4:00 PM. Mailed notice (am)**


1:08-cv-1032 Notice has been electronically mailed to:

Paul E. Kelly    pek@kellykinglaw.com

8/12/2008

David Laurence King    dlk@kellykinglaw.com,pek@kellykinglaw.com

Michael Kellett McConville    mkm@kellykinglaw.com

Yaodi Hu    yaodi_hu@sbcglobal.net

**1:08-cv-1032 Notice has been delivered by other means to:**