UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
|     Plaintiff, | ) Case No. 08 CV 1032 |
| v. | ) Judge Holderman |
| | ) Magistrate Judge Cox |
| PEARL RIVER PIANO, USA, | ) |
| AL RICH and BOB SAARI, | ) **Defendant Demands Trial by Jury** |
|     Defendants. | ) |

### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now Comes the Defendant AL RICH, by and through his attorneys, KELLY & KING, P.C., and for his Answer and Affirmative Defenses to the Plaintiff's Complaint states as follows:

1. Defendant AL RICH lacks sufficient knowledge or information to admit or deny whether YAODI HU is doing business as Illiana Piano and, therefore, denies said allegation. Defendant AL RICH admits that Plaintiff has filed a Complaint. Defendant denies each and every remaining allegation in paragraph 1 of Plaintiff's Complaint.

### "Parties"

2. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies said allegations.

3. Defendant AL RICH admits that PEARL RIVER'S parent company has a factory in China that manufactures by volume the largest amount of pianos in the world. AL RICH further admits that it has corporate offices in California and that it distributes PEARL RIVER

pianos in the United States. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant AL RICH denies that Illiana Piano was granted a dealership contract with PEARL RIVER around 2000. Defendant AL RICH admits that he worked as an independent sales contractor and that Al Rich was a CEO of PEARL RIVER at a time after 2000.

5. Defendant AL RICH admits that BOB SAARI was an independent sales contractor. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

## "Jurisdiction"

6. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 6 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

7. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 7 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

8. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 8 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

9. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 9 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

10. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 10 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

11. Defendant AL RICH admits to the existence of the statutory section cited in Paragraph 11 of the Complaint but denies that said section is applicable to this case as alleged by Plaintiff.

### "Venue"

12. Defendant AL RICH admits that venue is proper but denies each and every remaining allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant AL RICH admits that venue is proper but denies each and every remaining allegation contained in Paragraph 13 of Plaintiff's Complaint.

### "Statement of the Facts"

14. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies said allegations.

15. Defendant AL RICH admits that BOB SAARI visited a location in Danville, Illinois in 2002 and that Plaintiff bought several pianos in 2002 as his first order. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant AL RICH admits that he had involvement with respect to Plaintiff's purchases of pianos at a certain point in time but denies each and every remaining allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant AL RICH lacks sufficient knowledge or information to admit or deny whether most piano dealers in the Chicagoland area and the United States are white males and, therefore, denies said allegations. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant AL RICH admits that Plaintiff paid cash in advance or C.O.D. for his orders of pianos in 2002 and 2003. Defendant denies each and every other remaining allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant AL RICH admits that Plaintiff bought PEARL RIVER pianos in 2002 and 2003. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies said allegations.

20. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies said allegations.

21. Defendant AL RICH admits that in October of 2002, BOB SAARI indicated *inter alia* to Plaintiff that his territory would include the Chinese community in the Chicagoland area subject to Plaintiff complying with certain purchasing and other conditions. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant AL RICH denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint as to whether Plaintiff had

several conversations with Angelo and visited Angelo's store and, therefore, denies said allegations. AL RICH denies each and every remaining allegation contained in Paragraph 23 of Plaintiff's Complaint.

### "Count I - Claim Under 42 U.S.C. § 1981"

24. Defendant AL RICH admits based on information and belief that Plaintiff is an "Ethnic Chinese" man. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint as to whether Plaintiff had conversations with a Chinese employee in PEARL RIVER and as to any answer Plaintiff received and, therefore, denies said allegations. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant AL RICH admits that Plaintiff paid cash in advance or C.O.D. for his orders of pianos in 2002 and 2003. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant AL RICH denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

### "Count II - Claim Under Sherman Act 15 U.S.C. 1"

28. Defendant AL RICH admits to the existence of 15 U.S.C. § 1 but states that said Act speaks for itself as to its terms and effective dates. Defendant denies that said Act provides any support for Plaintiff's claim under Count II.

29. Defendant AL RICH admits to the existence of the cases cited in Paragraph 29 but states that said cases speak for themselves as to their findings and legal conclusions. Defendant denies that said cases provide any support for Plaintiff's claim under Count II.

30. Defendant AL RICH admits to the existence of the case cited in Paragraph 30 but states that said case speaks for itself as to its findings and legal conclusions. Defendant denies that said case provides any support for Plaintiff's claim under Count II. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant AL RICH admits to the existence of the cases cited in Paragraph 31 but states that said cases speaks for themselves as to their findings and legal conclusions. Defendant denies that said cases provide any support for Plaintiff's claim under Count II. Defendant AL RICH lacks sufficient knowledge or information to admit or deny whether HU carried only a PEARL RIVER brand of pianos or whether HU was informed of other dealership arrangements and, therefore, denies said allegations. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant AL RICH lacks sufficient knowledge or information to admit or deny whether Plaintiff had a conversation with "Angelo" and, therefore, denies said allegation. Defendant denies each and every remaining allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant AL RICH admits to the existence of the case cited in Paragraph 33 but states that the case speaks for itself as to its findings and legal conclusions. Defendant AL RICH denies that said case provides any support for Plaintiff's claim under Count II.

**"Count III - Breach of Oral Contract"**

34. Defendant AL RICH admits that in October of 2002, BOB SAARI indicated <u>inter alia</u> to Plaintiff that his territory would include the Chinese community in the Chicagoland area subject to Plaintiff complying with certain purchasing and other conditions. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant AL RICH denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant AL RICH denies each and every allegation contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant AL RICH denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant AL RICH denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant AL RICH denies each and every allegation contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant AL RICH denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, denies said allegations.

42. Defendant AL RICH lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint as to his lack of success in

selling other brands of piano and therefore denies said allegations. Defendant AL RICH denies each and every remaining allegation contained in Paragraph 42 of the Plaintiff's Complaint.

### "Relief Sought by Plaintiff"

43. Defendant AL RICH denies that Plaintiff is entitled to the relief sought in Paragraph 43 of the Complaint or any other form of relief.

44. Defendant AL RICH denies that Plaintiff is entitled to the relief sought in Paragraph 44 of the Complaint or any other relief.

Wherefore, Defendant AL RICH requests Judgment in its favor and against the Plaintiff as to all counts. Defendant further requests attorneys fees pursuant to 42 U.S.C. 1988 and for whatever additional relief this Court deems just.

### AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant AL RICH states as follows:

I. **AFFIRMATIVE DEFENSE NUMBER ONE - STATUTE OF LIMITATIONS (COUNT I)**

1. Count I is barred by the applicable Statute of Limitations for alleged violations of 42 U.S.C. 1981.

2. Wherefore, Defendant AL RICH requests that Count I be dismissed with prejudice.

II. **AFFIRMATIVE DEFENSE NUMBER TWO - STATUTE OF LIMITATIONS (COUNT II)**

1. Count II is barred by the applicable Statute of Limitations for alleged violations of the Sherman Act. (15 U.S.C. § 1 and 15 b)

    2.    Wherefore, Defendant AL RICH requests that Count II be dismissed with prejudice.

### III.    AFFIRMATIVE DEFENSE NUMBER THREE - LACK OF SUBJECT MATTER JURISDICTION (COUNTS I, II, AND III)

    1.    No federal question is involved with the allegations contained in Counts I, II, and III and the Court thus lacks subject matter jurisdiction for the instant case.

    2.    Wherefore, Defendant AL RICH requests that Plaintiff's Complaint be dismissed with prejudice.

### IV.    AFFIRMATIVE DEFENSE NUMBER FOUR - STATUTE OF FRAUDS (COUNT III)

    1.    Count III of Plaintiff's Complaint is barred by the Illinois Statute of Frauds (740 ILCS 80/1) which requires that a contract be in writing unless it is capable of being performed within one year.

    2.    Wherefore, Defendant AL RICH requests that Count III be dismissed with prejudice.

### V.    AFFIRMATIVE DEFENSE NUMBER FIVE - FAILURE OF PLAINTIFF HU TO PERFORM UNDER THE ALLEGED CONTRACT (COUNTS I, II, AND III)

    1.    Plaintiff failed to perform his obligations under the alleged oral contract, including failing to purchase the amount of pianos he represented that he would buy in a year.

    2.    Wherefore, Defendant AL RICH requests that Count I, II, and III be dismissed with prejudice.

VI.    **AFFIRMATIVE DEFENSE NUMBER SIX - ALLEGED CONTRACT TERMINABLE AT WILL (COUNT III)**

    1.    The alleged oral contract between Plaintiff Hu and PEARL RIVER was terminable at will and any alleged termination of Plaintiff or cessation of business with Plaintiff was proper.

    2.    Wherefore, Defendant AL RICH requests that Count III be dismissed with prejudice.

VII.    **AFFIRMATIVE DEFENSE NUMBER SEVEN - FAILURE TO STATE A CAUSE OF ACTION (COUNTS I, II, AND III)**

    1.    Plaintiff's Complaint should be dismissed with prejudice in its entirety as each count fails to contain facts and allegations sufficient to state a cause of action.

    2.    Wherefore, Defendant AL RICH requests that Plaintiff's Complaint be dismissed with prejudice.

VIII.    **AFFIRMATIVE DEFENSE NUMBER EIGHT - FAILURE TO STATE A CAUSE OF ACTION FOR PUNITIVE DAMAGES (COUNTS I, II, AND III)**

    1.    Plaintiff's Complaint fails to contain facts and/or allegations sufficient to state a cause of action for punitive damages under any count.

    2.    Wherefore, Defendant AL RICH requests that Plaintiff's request for punitive damages be dismissed with prejudice.

IX.    **AFFIRMATIVE DEFENSE NUMBER NINE - FRIVOLOUS, UNREASONABLE, AND GROUNDLESS ACTION FILED PURSUANT TO 42 U.S.C. 1981**

1. The Plaintiff's claim pursuant to 42 U.S.C. 1981 in Count I is frivolous, unreasonable, groundless and/or brought in subjective bad faith.

2. Wherefore, Defendant AL RICH requests that he be awarded attorneys fees as a prevailing party in the instant case pursuant to 42 U.S.C. 1988.

                              Respectfully submitted,

                              s/ David L. King
                              One of the Attorneys for Defendants
                              PEARL RIVER PIANO GROUP AMERICA,
                              LTD., AL RICH and BOB SAARI

David L. King, ARDC No. 3128899
Paul E. Kelly, ARDC No. 1437356
M. Kellett McConville, ARDC No. 6290167
20 North Clark Street, Suite 2900
Chicago, Illinois 60602
312-553-5290
(Fax) 312-553-5291

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAODI HU, | ) |
|       Plaintiff, | ) ) ) ) |
| v. | )   Case No. 08 CV 1032 ) |
| PEARL RIVER PIANO, USA, AL RICH and BOB SAARI, | )   Judge Holderman )   Magistrate Judge Cox ) |
|       Defendants. | ) ) |

**PROOF OF SERVICE**

    I, David L. King, attorney for Defendants PEARL RIVER PIANO GROUP AMERICA, LTD., AL RICH and BOB SAARI served a copy of the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** to:

        Yaodi Hu
        219 W. Cermak
        Chicago, IL 60616

electronically on August 25, 2008 at or before 5:00 p.m.


                              s/ David L. King
                              One of the Attorneys for Defendants
                              PEARL RIVER PIANO GROUP AMERICA,
                              LTD., AL RICH and BOB SAARI


David L. King, ARDC No. 3128899
Paul E. Kelly, ARDC No. 1437356
M. Kellett McConville, ARDC No. 6290167
KELLY & KING, P.C.
20 North Clark Street, Suite 2900
Chicago, Illinois 60602
312-553-5290
(Fax) 312-553-5291